UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 15, 2013

LETTER TO COUNSEL

Re:   *Goldstein v. Berman*, Civil No. WDQ-12-2507

Dear Counsel,

This case has been referred to me for discovery-related issues. ECF No. 22. I have reviewed Defendant Marc S. Rosen's Motion to Compel Discovery, and the opposition thereto. ECF No. 24. No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2011). For the reasons set forth herein, Mr. Rosen's Motion will be GRANTED in part and DENIED in part.

As background, on July 13, 2012, Plaintiff Charles R. Goldstein ("Plaintiff"), the bankruptcy trustee for the estate of K Capital Corporation ("K Capital"), sued Mr. Rosen and 13 other individual defendants, seeking $28,243,581.00 plus interest and other relief. [ECF No. 3]. Each of the defendants served as either an officer or director of both K Capital and its wholly owned subsidiary, K Bank. Compl. ¶¶ 4-17. Essentially, the Complaint alleges that the defendants failed to act in the best interest of K Capital, instead protecting their personal interests by, in some cases, selling their shares of K Capital back to K Capital knowing that K Capital was approaching insolvency. The Complaint further alleges that the Defendants protected the interest of K Bank instead of K Capital in situations where the two entities had each made loans to the same borrowers.

Twelve of the defendants are *pro se* in this lawsuit. Mr. Rosen served Interrogatories on Plaintiff, and was dissatisfied with Plaintiff's responses. After following the requirements of Local Rule 104.7, Mr. Rosen filed the instant motion with this Court. Specifically, Interrogatories Nos. 2-12, 14-17, and 19-22 are in dispute.[1] Each Interrogatory is addressed sequentially below:

---

[1] As a general matter, Plaintiff alleges (1) that *pro se* Defendants have also proffered inadequate discovery responses, and (2) that the defendant in another related lawsuit brought by Plaintiff has produced documents belatedly, which might require Plaintiff to make supplemental productions in this case. Clearly, Plaintiff has the same obligation to supplement its discovery as all other litigants, regardless of the reason supplementation is required. Moreover, two wrongs do not make a right, and one party cannot escape his discovery obligations simply by citing the opposing party's alleged mishandling of its own discovery duties.

*Goldstein v. Berman, et al*
Civil No. WDQ-12-2507
April 15, 2013
Page 2

**Interrogatory No. 2:**  Mr. Rosen asked Plaintiff to detail the facts supporting the allegation that "by December 31, 2007, K Capital was rapidly approaching insolvency or was insolvent because the fair market value of its assets were less then [sic] the amount necessary to pay its existing debts."  Plaintiff responded that the interrogatory is (1) untimely, because expert opinions are not yet due, and (2) equally able to be answered by a review of documentation by either party.  In a supplemental response, Plaintiff listed the documentation upon which he relied.  However, Plaintiff's answer remains inadequate.  Plaintiff made the quoted allegation in the Amended Complaint, which required a reasonable investigation of the factual and legal basis for the claim before filing.  *See, e.g.,* Fed. R. Civ. P. 11(b)(3).  Although Plaintiff may eventually use expert testimony to supplement the factual basis for his belief (or may have reached his belief in part with preliminary advice from an expert witness), Plaintiff can properly be asked, in Interrogatories, to articulate the factual basis for his claim as he understands it.  Moreover, for a question of this nature, simply directing the opposing party to documentation is inadequate.  A narrative response is required to articulate the basis for Plaintiff's conclusion, which he states that he reached after review of the listed documents.  Mr. Rosen's motion to compel a response to Interrogatory No. 2 is GRANTED.

**Interrogatory No. 3:**  Mr. Rosen asked whether Plaintiff contends that Defendants improperly relied on information provided by K Capital's outside accountants, and, if so, asked Plaintiff to provide several additional details about the contention.  Plaintiff objected on several grounds, including the timing of the "contention interrogatory," but also provided his general position regarding Defendants' relationship with outside accountants.  Plaintiff's response was sufficient, particularly given the timing of the contention interrogatory and the overbroad nature of the subparts to the interrogatory.  Mr. Rosen's motion to compel a further response to Interrogatory No. 3 is DENIED, although Plaintiff of course retains the obligation to supplement his answer if appropriate.

**Interrogatory No. 4:**  Mr. Rosen asked Plaintiff to identify each specific loan or K Capital asset that Plaintiff contends was not represented accurately, and to state the fair value of that asset and the factual basis for the contention that the loan or asset was undervalued.  Plaintiff responded in its supplemental answer with a list of allegedly overstated loans.  While establishment of the actual fair value of each loan is properly the subject of expert testimony, as in Interrogatory No. 2, a further narrative response is warranted to explain, in general, the reasons Plaintiff believes that the loans were not fairly valued.  Mr. Rosen's motion to compel a response to Interrogatory No. 4 is therefore GRANTED in part and DENIED in part.

**Interrogatory No. 5:**  Mr. Rosen asked Plaintiff to describe the basis for Plaintiff's allegation that certain Defendants' stock sales to K Capital were fraudulent.  Plaintiff responded by stating that the transfers occurred when K Capital was insolvent, and that the value of the stock was therefore overstated.  Because the Plaintiff will further explain the basis for his belief that K Capital was insolvent in his response to Interrogatory No. 2, no further response to Interrogatory No. 5 is necessary.  Mr. Rosen's motion to compel a response to Interrogatory No. 5 is DENIED.

**Interrogatory No. 6:**  Mr. Rosen asked Plaintiff to identify each "K Capital Loan" by borrower

name, amount of loan at time of origination, loan number, amount due at time of default, and date of default. Plaintiff responded with a list of loans, loan numbers, and amount outstanding. I find that Plaintiff's response was sufficient, because Mr. Rosen failed to define "default" with sufficient precision to permit a response. Moreover, with the other information Plaintiff provided, the amount of loan at time of origination is the type of information that is equally ascertainable to both parties. Mr. Rosen's motion to compel a further response to Interrogatory No. 6 is DENIED.

**Interrogatory No. 7:** Mr. Rosen asked Plaintiff to provide all facts that support each allegation of wrongdoing set forth in paragraph 32 of the Amended Complaint. Plaintiff responded by stating that Defendants took "limited and ineffective actions" to cause K Capital to collect payments due on a series of enumerated loans. Plaintiff's response is sufficient, because it is impossible to provide additional detail about actions that were allegedly not taken, and because the loan files in question were identified by Plaintiff. Mr. Rosen's motion to compel a further response to Interrogatory No. 7 is DENIED.

**Interrogatory No. 8:** Related to Interrogatory No. 7, in this Interrogatory Mr. Rosen asked Plaintiff to detail what acts Defendants should have taken to collect on the loans, when the acts should have been taken, and what the anticipated consequence of the acts would have been. Plaintiff objected on the basis of (1) timeliness, because expert opinions were not yet due; and (2) the compound and overbroad nature of the interrogatory. Plaintiff's objections were partially well-founded. As in the discussion of Interrogatory No. 2, it is reasonable to ask Plaintiff to provide, in general, an explanation of the acts that he believes Defendants should have taken to collect on the loans. Mr. Rosen's motion to compel will be GRANTED to that extent. Mr. Rosen's motion to compel will be DENIED as to specific dates that such actions should have been taken and the anticipated results of those actions, because those subjects are proper for expert testimony.

**Interrogatory No. 9:** Mr. Rosen asked Plaintiff to detail the allegations in Paragraph 33 of the Amended Complaint, which states that Defendants caused "K Capital unreasonably and irrationally to act to reduce or eliminate the amounts that K Capital could recover." Plaintiff responds that the information is available in the loan files. That answer is inadequate. Paragraph 33 alleges a series of affirmative actions allegedly taken by Defendants, and Plaintiff should provide a narrative response identifying the specific actions described in Paragraph 33. Mr. Rosen's motion to compel a response to Interrogatory No. 9 will be GRANTED.

**Interrogatory No. 10:** Mr. Rosen asked Plaintiff to detail the loan payment history and activity in each K Capital loan since the bankruptcy filing, and to describe Plaintiff's collection efforts. Plaintiff responded with a description of the general status of each loan, some of which involve settlements or lawsuits filed against borrowers. Plaintiff's response is partially sufficient. Plaintiff has adequately described his collection efforts, and, in response to Interrogatory No. 19, provided sufficient detail regarding any amounts recovered on any of the loans through settlement or other payments. Mr. Rosen's motion to compel a further response to Interrogatory No. 10 is DENIED.

**Interrogatory No. 11:** Mr. Rosen asked Plaintiff to detail each action Plaintiff alleges that K Capital or K Bank took, from 2006-2010, regarding the K Capital loans. Plaintiff objected on the ground that the Interrogatory is untimely and that the burden of ascertaining the answer would be equal for both parties. I agree. Plaintiff was not employed at K Capital or K Bank during the relevant time frame, and would have to review the loan files to answer Interrogatory No. 11. Mr. Rosen is equally capable of conducting that same review. Mr. Rosen's motion to compel a response to Interrogatory No. 11 will be DENIED.

**Interrogatory No. 12:** Mr. Rosen asked Plaintiff to provide a factual basis for any negative or less than fully affirmative response to a Request for Admission of Facts. Plaintiff objected on procedural grounds. Plaintiff's objection is well-founded. Fed. R. Civ. P. 33(a)(1) limits the number of Interrogatories a party may serve. Mr. Rosen's Interrogatory No. 12 appears to circumvent that Rule by incorporating a large number of additional questions into a single interrogatory, and to expand the requirements of Fed. R. Civ. P. 36 (governing Requests for Admission). Mr. Rosen's motion to compel a response to Interrogatory No. 12 will be DENIED.

**Interrogatory No. 14:** Mr. Rosen asked Plaintiff to detail the basis for the contention that Defendants benefited personally and placed personal interests over and above those of K Capital. Plaintiff responded by citing three stock sales to K Capital by Defendants, and further by stating that Defendants received compensation payments and "were able to continue the fictions that K Capital was a viable entity." Pl. Opp'n 25. Plaintiff's responses are sufficient. Although Mr. Rosen may disagree with the factual predicate that K Capital was insolvent, that is an issue for trial, not discovery. Plaintiff will have to provide the factual basis for its assertion that K Capital was insolvent in response to Interrogatory No. 2. Mr. Rosen's motion to compel a further response to Interrogatory No. 14 will be DENIED.

**Interrogatory No. 15:** Mr. Rosen asked Plaintiff to explain how the Defendants should have reconciled their legal obligations to K Bank with their duties to K Capital's creditors. Plaintiff responded with several objections, including an objection that the Interrogatory seeks legal argument, not factual information. That objection is meritorious. Mr. Rosen's motion to compel a response to Interrogatory No. 15 will be DENIED.

**Interrogatory No. 16:** Mr. Rosen asked Plaintiff to identify loan policies that should have been in effect for monitoring or disposition of the K Capital loans, and what the outcome would have been if the policies had been in place. Plaintiff responded by objecting that the Interrogatory is (1) untimely, because expert opinions are not yet due, and (2) equally able to be answered by a review of documentation by either party. The objection is partially well-founded. Plaintiff alleged, at paragraph 47 of the Amended Complaint, that the Director Defendants failed "to have appropriate policies and procedures to address loan delinquencies and the consideration of loan extensions and forbearance agreements." Because Plaintiff had to have a good faith basis for that allegation, it is reasonable to require Plaintiff to provide a narrative response outlining that good faith basis. However, this is clearly an appropriate subject for expert testimony, and Plaintiff may eventually supplement his response with information from an expert witness. Mr.

*Goldstein v. Berman, et al*
Civil No. WDQ-12-2507
April 15, 2013
Page 5

Rosen's motion to compel a response to Interrogatory No. 16 is therefore GRANTED IN PART and DENIED IN PART.

**Interrogatory No. 17:** Mr. Rosen asked Plaintiff to state facts supporting Plaintiff's contention that each Director Defendant took or failed to take certain actions with respect to the K Capital Loans. In response, Plaintiff cited a report issued to the K Capital Board of directors in 2009, that contained an analysis of 50 specific loan files. Plaintiff's answer detailed the deficiencies that report had noted with respect to many specific files. Mr. Rosen contends that Plaintiff's answer is deficient because it did not address any Defendant by name. However, Plaintiff's answer directly addresses the alleged failings on the part of all of the Director Defendants. Mr. Rosen's motion to compel a further response to Interrogatory No. 17 will be DENIED.

**Interrogatory No. 19:** Mr. Rosen asked Plaintiff to provide information regarding Plaintiff's recovery to date, Plaintiff's bills on the file to date (and that of Plaintiff's agents and co-counsel), payments to Plaintiff to date, and the amount available to creditors. Plaintiff objected on relevance grounds, but provided information regarding the amounts he has recovered to date. Plaintiff's answer is sufficient. The remainder of the information sought is irrelevant to the instant dispute, and will be a matter to be determined by the bankruptcy court. Mr. Rosen's motion to compel a further response to Interrogatory No. 19 will be DENIED.

**Interrogatory No. 20:** Mr. Rosen asked Plaintiff to state the duties and responsibilities at K Capital with respect to the K Capital Loans, and to identify, for each Officer Defendant, any decisions they made or failed to participate in that violated a duty of care. Plaintiff objected (1) untimely, because expert opinions are not yet due, and (2) equally able to be answered by a review of documentation by either party. Plaintiff's objection is partially well-founded, because expert testimony is likely to be presented as to the duties of care and loyalty. However, Plaintiff brought this lawsuit against the Officer Defendants charging breaches of those duties, and should provide, in narrative form, a description of the actions which Plaintiff alleges to constitute those breaches. Mr. Rosen's motion to compel a response to Interrogatory No. 20 will be GRANTED IN PART.

**Interrogatory No. 21:** Mr. Rosen asked Plaintiff to state, with respect to each K Capital Loan, which type of wrongdoing occurred, and to specify what action Plaintiff contends should have occurred. Plaintiff responded by citing categories of alleged wrongdoing and listing the loans in which that particular wrongdoing had occurred. Plaintiff further stated that the actions that should have occurred will be the subject of expert testimony. At this stage of the litigation, Plaintiff's answer is sufficient, because a review of the listed loan files will establish the facts supporting Plaintiff's allegations. Mr. Rosen's motion to compel a further response to Interrogatory No. 21 will be DENIED.

**Interrogatory No. 22:** Mr. Rosen asked Plaintiff to list, with respect to each K Capital Loan, what would be the outcome if the Officer Defendants had acted as Plaintiff contends they should have. Plaintiff responded by stating that expert testimony will establish the likely outcome. Plaintiff's response is reasonable. It is quite customary for damage calculations to be established

by expert testimony, and that deadline has yet to pass.  Mr. Rosen's motion to compel a response to Interrogatory No. 22 will be DENIED.

For the interrogatories in which Mr. Rosen's Motion to Compel has been granted in whole or in part, Plaintiff should provide supplemental responses to Mr. Rosen on or before **May 6, 2013.**

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing Order follows.

                                    Sincerely yours,

                                          /s/

                                    Stephanie A. Gallagher
                                    United States Magistrate Judge

cc: Judge Quarles