IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CHARLES R. GOLDSTEIN,

    Plaintiff,

v.                          CIVIL NO.: WDQ-12-2507

DAVID BERMAN, et al.,

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Charles R. Goldstein, the Chapter 7 trustee for K Capital Corporation (hereinafter "K Capital"), sued David Berman and others,[1] (hereinafter "the Defendants") the former directors and

---

[1] The Defendants are David Berman, Joel Dackman, Jan Cohen Feldman, Stephen Gryglewski, W. Benton Knight, Marc Rosen, Stephen M. Rosen, Alan Silver, Morton Shapiro, Richard Sussman, Seymour Sussman, George G. Wachter, and David H. Wells, Jr. See ECF No. 17 ¶¶ 4-17. The claims against Kathy L. Snyder were voluntarily dismissed. See ECF Nos. 38, 39. Berman and Gryglewski were at all relevant times both Vice Presidents of K Capital and officers of K Bank. ECF No. 17 ¶¶ 4, 7. Wachter was a Senior Vice President of K Capital and an officer of K Bank. Id. ¶ 16. Wells was the President and a director of K Capital, and an officer and director of K Bank. Id. ¶ 17. The amended complaint refers collectively to these defendants as the "Officer Defendants." Id. ¶ 19. Dackman and Feldman were directors of K Capital and directors of K Bank. Id. ¶¶ 5, 6. Marc Rosen, Stephen Rosen, Silver, Shapiro, Richard Sussman, and Seymour Sussman were directors of K Capital and directors of K Bank. Id. ¶¶ 9-12, 14-15. These defendants are referred to as the "Director Defendants" in the amended complaint. Id. ¶ 20. Knight was the Vice President, Treasurer, and director of K Capital, and an officer and director of K Bank. Id. ¶ 8. Knight is in both categories of defendants. Id. ¶¶ 19, 20.

officers of K Capital, for breaches of fiduciary duties. Pending are two motions for judgments on the pleadings.[2] For the following reasons, the Berman Defendants' motion for judgment on the pleadings will be granted in part and denied in part. The Dackman Defendants' motion will be granted.

I.  Background[3]

K Capital was a Maryland corporation and corporate parent of K Bank. ECF No. 17 ¶¶ 1-2. K Bank was a Maryland chartered bank doing business in Maryland. *Id.* ¶ 2. On November 5, 2010, the Maryland Office of Financial Regulation appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver for K Bank. *Id.* K Capital filed a voluntary petition for Chapter 7 bankruptcy relief. *Id.* ¶ 3. Charles Goldstein is the Chapter 7 trustee for the bankruptcy estate of K Capital. *Id.*

---

[2] David Berman, Jan Cohen Feldman, Stephen Gryglewski, W. Benton Knight, Marc Rosen, Stephen M. Rosen, Morton Shapiro, Richard Sussman, Seymour Sussman, George G. Wachter, and David H. Wells, Jr. (collectively the "Berman Defendants") jointly moved *pro se* for a judgment on the pleadings. ECF No. 41. Dackman and Silver, (collectively the "Dackman Defendants") also jointly moved for a judgment on the pleadings. ECF No. 49.

[3] On a motion for judgment on the pleadings, as in a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002); *see also Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The Director Defendants and the Officer Defendants owed K Capital duties of care and loyalty. ECF No. 17 ¶¶ 21-25. On December 31, 2007, K Capital "was rapidly approaching insolvency or was insolvent" because the amount needed to pay its debts was more than the value of its assets. *Id.* ¶ 26. By the fall of 2009, "the Defendants knew or should have known that K Capital was insolvent or rapidly approaching insolvency." *Id.* ¶ 27. On December 27, 2007, Wachter sold 5,990 shares of K Capital stock to K Capital at $12.48 per share for $74,755.20. *Id.* ¶ 28. On January 3, 2008, Knight sold 5,156 shares of K Capital stock to K Capital at $12.48 per share for $64,346.88. *Id.* On January 7, 2008, Wells sold 6,000 shares of K Capital stock to K Capital at $12.48 per share for $74,880. *Id.* On March 28, 2008, Wachter sold 3,090 shares of K Capital stock to K Capital at $11.79 per share for $36,431.10. *Id.* These stock transfers "were avoidable, constructively fraudulent transfers." *Id.* ¶ 30. The Defendants who sold their "overvalued stock" to K Capital "actively sought to extend the apparent financial viability of K Bank" beyond the time in which the transfers would be considered voidable fraudulent conveyances in bankruptcy. *Id.*

K Capital made loans to various borrowers. ECF No. 17 ¶ 31. K Capital and K Bank would make loans to the same borrower, generally secured by the same collateral. *Id.* ¶ 38. When the

loans went into default or became non-performing, the Defendants did not "take reasonable and rational prompt action" to collect on the defaulted loans "or otherwise protect K Capital's interests." *Id.* ¶ 32. As a result K Capital suffered "substantial loss." *Id.* The Defendants caused K Capital to take actions without "conducting appropriate due diligence and investigation" that reduced the amounts K Capital could recover or compromised the security of loans. *Id.* ¶ 33. These actions included postponing collection of loans, renewing delinquent loans, releasing certain collateral without payment, and "entering into unreasonable and irrational agreements that were not in the best interest of K Capital." *Id.* These actions "were not in the best financial interest of K Capital and [] benefited the interests of K Bank, and benefited the Defendants personally." *Id.* ¶ 39.

When K Capital was approaching insolvency in the fall of 2009, "the Defendants' duties of care and loyalty ran to, and for the benefit of the creditors of K Capital." ECF No. 17 ¶ 34. The Defendants "failed to assess, analyze, evaluate, or otherwise address the best interests of K Capital's creditors," and did not take the interests of the creditors into consideration. *Id.* ¶¶ 35-36. The Defendants also did not consider "whether the liquidation of K Capital was in the best interests of its creditors." *Id.* ¶ 37. The Defendants

4

"continued the operations of K Capital solely for the benefit of K Bank." *Id.* ¶ 41.

On July 13, 2012, Goldstein sued the Defendants in the Circuit Court for Baltimore County. *See* ECF No. 3. On August 22, 2012, the Defendants removed to this Court. ECF No. 1. On August 22, 2012, the Berman Defendants answered the complaint. ECF No. 7. On August 24, 2012, the Dackman Defendants also answered. ECF No. 8. On December 3, 2012, Goldstein moved for leave to file an amended complaint. ECF No. 15. On January 10, 2013, the Court granted leave to amend. ECF Nos. 16, 17.[4] On January 22, 2013, the Dackman Defendants answered the amended complaint. ECF No. 18. On January 24, 2013, the Berman Defendants also answered the amended complaint. ECF No. 19.

On April 8, 2013, the Berman Defendants filed a counterclaim against Goldstein, Tydings & Rosenberg LLP, John B. Isbister, Christopher D. Heagy, and Protiviti, Inc. for breach of fiduciary duty, breach of contract, and specific performance.

---

[4] The amended complaint asserts eight claims for breaches of fiduciary duties:
- Director Defendants' Breaches of Duty of Care (Count I), and Duty of Loyalty (Count II);
- Officer Defendants' Breaches of Duty of Care (Count III), and Duty of Loyalty (Count IV);
- Director Defendants' Breaches of Duty of Care to K Capital's Creditors (Count V), and Duty of Loyalty (Count VI);
- Officer Defendants' Breaches of Duty of Care to K Capital's Creditors (Count VII), and Duty of loyalty (Count VIII).

ECF No. 17 ¶¶ 42-92.

5

ECF No. 25. On April 29, 2013, Goldstein moved to dismiss the counterclaims. ECF No. 33. On May 10, 2013, the Berman Defendants opposed the motion. ECF No. 34. On May 30, 2013, Goldstein replied. ECF No. 37. On June 21, 2013, the Berman Defendants voluntarily dismissed the counterclaims. ECF No. 40.

On June 21, 2013, the Berman Defendants moved for judgment on the pleadings. ECF No. 41. On July 15, 2013, Goldstein opposed the motion. ECF No. 45. On August 6, 2013, the Berman Defendants replied. ECF No. 48. On August 13, 2013, the Dackman Defendants moved for judgment on the pleadings, incorporating the arguments of the Berman Defendants' motion and reply. ECF No. 49. On August 30, 2013, Goldstein opposed the motion. ECF No. 51.

II. Analysis

    A. Legal Standard

The same standard of review applies to Rule 12(c) motions for judgment on the pleadings and motions to dismiss for failure to state a claim under Rule 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002). Rule 12(b)(6) motions test the legal sufficiency of a complaint, but do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. Defendants' Motion for Judgment on the Pleadings

1. Liability of Directors or Officers

In Maryland, a corporation may include a provision in its charter limiting the liability of its directors and officers to the corporation or its shareholders for money damages. *See* Md. Code Ann., Corps. & Ass'ns § 2-405.2; Md. Code Ann., Cts & Jud. Proc. § 5-418. A clause may not limit liability to the extent that the director or officer (1) actually received an improper benefit, or (2) engaged in active and deliberate dishonesty. *See* Md. Code Ann., Cts & Jud. Proc. § 5-418. If a corporation's charter limits liability to the extent allowed by statute, to state a claim a plaintiff must allege an improper benefit or active and deliberate dishonesty. *See Hayes v. Crown Cent. Petroleum Corp.*, 78 F. App'x 857, 865 (4th Cir. 2003).

The exculpatory clause in K Capital's charter tracks the language of § 5-418.[5] Accordingly, Goldstein must allege that

---

[5] Article XIV of the charter provides:
An officer or director of the Corporation shall not be personally liable to the Corporation or its stockholders for monetary damages for breach of their fiduciary duty as an officer or director, unless: (i) it is proved that the individual officer or director actually received an improper benefit or profit in money, property or service from the Corporation; or (ii) a judgment or other final adjudication adverse to the individual officer or director is entered in a proceeding based on a finding in the proceeding that the individual's action, or failure to act, was the result of active and deliberate dishonesty and was material to the cause of action adjudicated in the

8

the Defendants received an improper benefit or engaged in active and deliberate dishonesty to state a claim. See Hayes, 78 F. App'x at 865. Maryland courts have not yet construed the meaning of the phrases "improper benefit" or "active and deliberate dishonesty." Berman argues that "active and deliberate dishonesty" should be equated to fraud. See ECF No. 41-1 at 15. Berman relies on an unpublished opinion by the Fourth Circuit affirming a district court's dismissal of a claim for breach of fiduciary duty based on the Maryland law limiting liability of directors. See Hayes, 78 F. App'x at 865. The Fourth Circuit held that the complaint did not allege that the directors received improper benefits, and "[a]s to active or deliberate dishonesty, the plaintiffs cannot prevail because the pleadings specifically exclude allegations of fraud." Id.

Goldstein contends that "active and deliberate dishonesty" should not be limited to fraud; but instead should also include something less than fraud, such as willful neglect of duties or deliberate disloyalty. See ECF No. 45 at 11. Goldstein relies on *CDX Liquidating Trust v. Venrock Assocs.*, 640 F.3d 209, 215

---

proceeding. If the Maryland General Corporation Law is amended to further eliminate or limit the personal liability of officers and directors, then the liability of officers and directors of the Corporation shall be eliminated or limited to the fullest extent permitted by the Maryland General Corporation Law, as so amended.

See ECF No. 41-2 ¶ XIV; ECF No. 41-1 at 9-10; ECF No. 45 at 10.

(7th Cir. 2011), which discusses the Maryland statute in dicta before deciding that the statute did not apply. The Seventh Circuit in *CDX Liquidating Trust* stated that "if there was disloyalty in this case it was deliberate, and maybe that's enough to prove 'actual and deliberate dishonesty.'" *CDX Liquidating Trust,* 640 F.3d at 215. The Seventh Circuit also looked at *Mississippi v. Richardson*, 817 F.2d 1203, 1210 (5th Cir. 1987), which held that the phrase "active or deliberate dishonesty or fraud" in an insurance policy applied when the plaintiff was found guilty of "willful neglect of duties" and "embezzlement." The Seventh Circuit only suggests that deliberate disloyalty or willful neglect of duties may be sufficient to show active and deliberate dishonesty. *See CDX Liquidating Trust,* 640 F.3d at 215.

In arguing that the amended complaint alleges active and deliberate dishonesty, Goldstein relies on allegations that the Defendants caused K Capital to take actions that were not in K Capital's best financial interests for the benefit of K Bank; and that the Defendants placed the interests of K Bank ahead of the interests of K Capital and its creditors. *See* ECF No. 45 at 12 (*citing* ECF No. 17 ¶¶ 38-40). Goldstein contends that these allegations show that the Defendants "actively sought to subordinate the interests of K Capital to K Bank;" and those

actions were actively and deliberately dishonest. See ECF No. 45 at 12-14.

The Court need not decide whether the phrase "active and deliberate dishonesty" is limited to fraudulent conduct because Goldstein's conclusionary allegations that the Defendants did not act in the best interests of K Capital do not plead active and deliberate dishonesty. Allegations of breaches of fiduciary duties alone are not sufficient. See Hayes, 78 F. App'x at 865 (affirming dismissal of breach of fiduciary duty claim when plaintiff failed to allege active or deliberate dishonesty). Goldstein's allegations that the Defendants took actions that "placed the interests of K Bank ahead of the interests of K Capital and its creditors" are not sufficient to plead that the Defendants were actively or deliberately dishonest.[6]

Goldstein does allege that some Defendants received an improper benefit. In the amended complaint, Goldstein alleges that Wachter, Knight, and Wells sold stock back to K Capital at

---

[6] See ECF No. 17 ¶ 40; Hayes, 78 F. App'x at 865 (plaintiffs' allegations that the defendants acted in a way that was not in the best interests of shareholders were not sufficient to allege active or deliberate dishonesty); Burt Shearer Trustee v. Adams, No. 3:09-CV-991, 2010 WL 3782162, at *6 (M.D. Tenn. Sept. 21, 2010) (allegations of bad faith, mismanagement, or failure to correct improper conduct did not assert an actionable breach of fiduciary duty claim under the Maryland director liability statute's active and deliberate dishonesty standard).

inflated prices. See ECF No. 17 ¶¶ 28-30.[7] Allegations that defendants sold their stock at artificially inflated prices and received proceeds from those sales are sufficient to plead the receipt of an improper benefit.[8] Goldstein attempts to include the other Defendants by stating that "[o]n information and belief, additional Defendants sold shares of stock in K Capital back to K Capital during this timeframe." ECF No. 17 ¶ 29. Goldstein provides no factual allegations about these other transfers. He does not assert a plausible claim that the other Defendants received an improper benefit by selling stock at an artificially inflated price.

Goldstein further contends that all Defendants received improper benefits because "[t]he reasonable inference" is that they continued to receive compensation and dividend payments after K Capital became insolvent. See ECF No. 45 at 15. These allegations are not in the amended complaint, and they fail to

---

[7] Goldstein also argues that these transfers would have been considered constructively fraudulent had bankruptcy been filed earlier. See ECF No. 17 ¶ 30. Berman is correct in contending that whether the transfers would have been considered constructively fraudulent is immaterial to whether they were improper when made. See ECF No. 41-1 at 16. However, Goldstein has alleged the receipt of improper benefits because of the artificially inflated prices of the stock.

[8] See Felker v. Anderson, No. 04-0372-CV-W-ODS, 2005 WL 602974, at *3 (W.D. Mo. Feb. 11, 2005) (plaintiffs alleged that defendants received improper benefit under Maryland liability statute by selling stock at artificially inflated prices and receiving proceeds).

sufficiently plead that the other Defendants received an improper benefit. Because Goldstein has not alleged improper benefit or active and deliberate dishonesty, he has failed to state a claim against the other Defendants.[9] Goldstein has adequately pled that Wachter, Knight, and Wells received an improper benefit. *See* ECF No. 17 ¶ 28. Accordingly, judgment on the pleadings will be denied to Wachter, Knight, and Wells, and granted to the other Defendants.

2.  Business Judgment Rule

Berman argues that the Defendants are immune from liability based on the business judgment rule. *See* ECF No. 41-1 at 19. Goldstein argues that the business judgment rule only applies to duty of care claims, and that he has rebutted the presumption of the business judgment rule by alleging bad faith. *See* ECF No. 45 at 16.

In Maryland, a director of a corporation is presumed to perform his duties in good faith, in a manner he reasonably believes to be in the best interest of the corporation, and with the care that an ordinarily prudent person in a like position would use under the circumstances. *See* Md. Code Ann., Corps. & Ass'ns § 2-405.1(a), (e). Under this business judgment rule,

---

[9] *See Hayes*, 78 F. App'x at 865 (dismissing breach of fiduciary duty claim because plaintiffs did not allege that directors received improper benefits or engaged in active and deliberate dishonesty).

13

"[t]he burden is on the party challenging the decision to establish facts rebutting the presumption that the directors acted reasonably and in the best interests of the corporation." *Bender v. Schwartz*, 172 Md. App. 648, 667 (Md. Ct. Spec. App. 2007). The business judgment rule is applicable to a director's duty of care obligations, and it does not abrogate a director's duty of loyalty. *See Indep. Distribs., Inc. v. Katz*, 99 Md. App. 441, 461 (Md. Ct. Spec. App. 1994). Business decisions are insulated from judicial review "absent a showing that the officers acted fraudulently or in bad faith." *NAACP v. Golding*, 342 Md. 663, 673 (Md. 1996).

Here, Goldstein alleges that Wachter, Knight, and Wells knowingly sold K Capital stock back to K Capital at inflated prices for profit. *See* ECF No. 17 ¶¶ 28-30. Goldstein further alleges that they pursued policies that were against the best interests of K Capital to ensure that they were able to retain the profits from their stock transfers. *See id.* ¶ 30. These assertions sufficiently allege that Wachter, Knight, and Wells acted in bad faith. Additionally, the applicability of the business judgment rule is largely a question of fact that is not appropriate for determination based solely on the allegations of the complaint. *See Resolution Trust Corp. v. Hecht*, 818 F. Supp. 894, 902 (D. Md. 1992) ("With only the allegations of the complaint before the Court, it would be premature to determine

14

the sufficiency of the business judgment defense at this juncture."). Accordingly, the Berman Defendants' motion for judgment on the pleadings based on the business judgment rule will be denied.

3. Deepening Insolvency Claims

The Defendants argue that the claims for breaches of fiduciary duties to K Capital's creditors should be dismissed because they are disguised as improper deepening insolvency claims. See ECF No. 41-1 at 22. A deepening insolvency claim seeks to hold directors liable for breaching their fiduciary duties to creditors "by failing to consider a bankruptcy filing, [and] instead incurring additional debt." In re Midway Games Inc., 428 B.R. 303, 315 (Bankr. D. Del. 2010). Delaware courts have rejected deepening insolvency as a theory of damages, stating that there is "no absolute obligation on the board of a company that is unable to pay its bills to cease operations and liquidate."[10] Maryland courts have not addressed whether deepening insolvency is a cause of action in Maryland.

---

[10] *Trenwick Am. Litigation Trust v. Ernst & Young, LLP*, 906 A.2d 168, 205 (Del. Ch. 2006); see also *In re Midway Games Inc.*, 428 B.R. at 315-16 ("The law is thus settled that directors do not have a duty to creditors of an insolvent corporation to abandon the effort to rehabilitate the corporation in favor of creditors' interests."); *In re Radnor Holdings Corp.*, 353 B.R. 820, 842 (Bankr. D. Del. 2006) ("[U]nder Delaware law, a board is not required to wind down operations simply because a company is insolvent, but rather may conclude to take on additional debt in the hopes of turning operations around.").

Although the amended complaint includes allegations consistent with a deepening insolvency claim, it also alleges that the Defendants breached their fiduciary duties to K Capital's creditors in other ways beyond failing to consider filing bankruptcy. See ECF No. 17 ¶¶ 72-92. Directors of insolvent corporations may be liable for breach of fiduciary duties even if there is no independent cause of action for deepening insolvency. See Trenwick, 906 A.2d at 205. A plaintiff may state a claim for breach of fiduciary duty if he alleges that a director of an insolvent corporation "acted disloyally or without due care in implementing a business strategy." Id. Accordingly, Goldstein's remaining claims for breach of fiduciary duties to K Capital's creditors will not be dismissed.

III. Conclusion

For the reasons stated above, the Berman Defendants' motion for judgment on the pleadings will be granted in part and denied in part. The Dackman Defendants' motion will be granted.

2/28/14
Date

William D. Quarles, Jr.
United States District Judge